OPINION
{¶ 1} Plaintiff Shawn Benning appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, entered in favor of defendants Charles H. Durmis, D.O. and Osteopathic Surgical Specialists. Appellant assigns three errors to the trial court:
 {¶ 2} "I. The trial court erred in denying appellant's motion for new trial and granting appellees' motion to strike.
 {¶ 3} "II. The trial court erred in denying appellant the opportunity to be recalled as a witness prior to the close of his case in chief.
 {¶ 4} "III. The trial court erred in granting appellees' motion for directed verdict."
 {¶ 5} The record indicates appellant filed a medical malpractice action against the appellees and Coshocton County Memorial Hospital Association on July 11, 2002. Appellant alleged that during a cyst excision surgery on July 2, 1998, Dr. Durmis negligently cut or otherwise damaged his right spinal accessory nerve. Appellant alleged as a result of this nerve injury, his trapezius muscle slowly atrophied, causing extreme limitation in the use of his right shoulder and arm.
 {¶ 6} During the course of discovery, the parties took depositions, and eventually, Coshocton County Memorial Hospital was dismissed from the action. Appellant's claims against the appellees, Dr. Durmis and his corporation, proceeded to trial. At trial, appellant testified he went to Dr. Joseph Iannotti, for his follow-up appointment after his surgery. Appellant testified he believed it was the day he went to have the staples removed. Appellant testified on that date Dr. Iannotti informed him the problems appellant was having with his shoulder and arm were caused by the surgery to remove a cyst from his neck. At several times in appellant's direct examination, he said he was confused with the various dates and with what had occurred to him since 1998.
 {¶ 7} In appellant's deposition given March 21, 2003, appellant had testified it was on March 5, 2001, he first learned the problems he experienced with his arm and shoulder may have been related to the procedure performed by appellee, Dr. Durmis. The discrepancy between the two dates is vital, because it determines whether the statute of limitations had run on appellant's complaint.
 {¶ 8} On the second day of trial, counsel for appellant asked to recall him to the stand in order to explain and clarify the discrepancy regarding the discovery date. The trial court refused to allow counsel to recall appellant as a witness. Appellees then moved for a directed verdict based on the running of the statute of limitations, and the trial court sustained the motion.
 {¶ 9} Appellant moved for a new trial pursuant to Civ. R. 59, arguing the trial court had abused its discretion when it refused to allow appellant to clarify his testimony. The court also sustained appellees' motion to strike appellant's discovery deposition, which had been filed on January 29, 2004. This appeal ensued.
 I II {¶ 10} Appellant has discussed both assignments of error together because the factual and legal bases for the two motions are the same. We will also treat the two assignments of error together.
 {¶ 11} Appellant urges the trial court was unreasonable in not permitting appellant to return to the witness stand, and this unreasonableness warranted the granting of a new trial.
 {¶ 12} As appellees correctly point out, the decision of whether to admit evidence is left to the sound discretion of the trial court, and may only be overturned with a showing the court abused this discretion, see State ex rel. Van Dyke v. Public Employment Retirement Board (2003),99 Ohio St. 3d 430. In State v. Bradley (April 5, 2000), Tuscarawas Appellate No. 1999AP060038, this court found a trial court may properly deny a litigant his request to recall two witnesses given the circumstances where the witnesses' testimony had been fully developed when they originally testified.
 {¶ 13} Appellees also point out the disputed testimony occurred on direct examination, and appellant re-affirmed it upon further questioning by his counsel. Appellant's counsel asked appellant several times if he was certain his testimony was accurate and appellant reaffirmed his testimony about the date he first discovered the cause of his shoulder problems. When counsel was unable to rehabilitate appellant's testimony, she then sought to recall appellant to the stand and impeach him with his deposition testimony.
 {¶ 14} Upon review of the record, before us, we find the trial court did not abuse its discretion in refusing to allow appellant's counsel to recall him to the stand for purposes of changing his testimony.
 {¶ 15} Motions for new trial made pursuant to Civ. R. 59 are addressed to the discretion of the trial court. Because we find, supra, the trial court did not abuse its discretion in not permitting appellant to re-take the witness stand, we also find the court's overruling of the motion for new trial based on the previous ruling was not error.
 {¶ 16} The first and second assignments of error are overruled.
 III {¶ 17} In his third assignment of error, appellant argues the trial court erred in granting appellees' motion for directed verdict. Appellant concedes the standard of review is once again the abuse of discretion standard, see Malone v. Courtyard by Marriott Limited Partnership,74 Ohio St. 3d 440, 1996-Ohio-331. Appellant's argument here is the same as the arguments in I and II supra, namely, the court should have permitted appellant to re-take the witness stand and clarify or change his testimony, instead of directing a verdict based upon appellant's trial testimony.
 {¶ 18} Because we find supra, the court did not abuse its discretion in not allowing appellant to clarify or recant his previous testimony, we conclude the trial court did not err in granting the directed verdict. Appellant's testimony clearly established the statute of limitations had run on his claim.
 {¶ 19} The third assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
By Gwin, J., Boggins, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed. Costs to appellant.